IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|    John F. Cassata, : | Case No. 11-70862 JAD |
|           Debtor : | |
| : | Chapter 7 |
| : | |
|    Lisa M. Swope, Esquire, Trustee : | |
|    of the Bankruptcy Estate of : | |
|    John F. Cassata, : | |
|           Movant : | |
| : | |
|        v. : | |
| : | |
|    Cambria County Tax Claim Bureau, : | |
|           Respondent : | |

**ORDER CONFIRMING SALE OF REAL ESTATE FREE AND DIVESTED OF LIENS**

This _____, on consideration of the *Trustee's Motion to Sell Real Estate Free And Divested of Liens* to Donald A. Cassata, 623 Kennedy Avenue, Johnstown, PA 15901 for $31,000.00, after hearing held in Courtroom B, Penn Traffic Building, First Floor, Johnstown, PA 15901, this date.

Regarding said Motion the Court finds:

1. That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditor whose lien is recited in said Motion for sale, viz:

**DATE OF SERVICE**             **NAME OF LIENOR AND SECURITY**

January 15, 2014                Cambria County Tax Claim Bureau
                                200 South Center Street
                                Ebensburg, PA 15931

delinquent real estate taxes in the amount of $6,803.94 for the years 2010 through 2012 and in the amount of $2,001.96 for the year 2013.

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That said sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on _____, in the Cambria County Law Journal on _____ and in the Tribune-Democrat on _____, as shown by the Proof of Publications duly filed or to be filed.

4. That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

5. That the price of **$31,000.00** offered by **Donald A. Cassata** is a full and fair price for the property in question.

6. That the purchaser is acting in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d 143 (C.A.3, 1986).

**IT IS ORDERED, ADJUDGED AND DECREED** that the private sale by special warranty deed of the real property described in the Motion as 1618 Luzerne Street Extension, Johnstown, PA 15905, is hereby confirmed to **Donald A. Cassata, 623 Kennedy Avenue, Johnstown, PA 15901** for **$31,000.00**, free and divested of the liens herein described; and, that the Trustee shall make, execute and deliver to the purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

The sale of the Premises shall be a sale of the Premises in "AS IS", "WHERE IS" condition, without representations of warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the Premises, and is purchasing the same solely on the basis of such

inspection, and not as the result of any representation of any kind whatsoever by the estate/debtors, or its/their agents, except as otherwise set forth herein.

The purchaser shall be deemed to have released any and all claims he may have against the Trustee/Estate, or any of them, or that he may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Premises so purchased.

**IT IS FURTHER ORDERED,** that the liens, claims and interests of all Respondents, including but not limited to the Cambria County Tax Claim Bureau, 200 South Center Street, Ebensburg, PA 15931 - delinquent real estate taxes in the amount of $6,803.94 for the years 2010 through 2012 and in the amount of $2,001.96 for the year 2013, (or, at such amounts that may have accrued since the date of this Order and the date of closing), be, and they hereby are divested from the property being sold, if and to the extent they may be determined to be valid liens against the sold property, and transferred to the proceeds of sale, and that the within decreed sale shall be free, clear and divested of said liens, claims and interests;

**FURTHER ORDERED** that after due notice to the claimants, lien creditors, and interest holders, and no objection on their parts having been made or, if made, resolved/overruled, the incidental and related costs of sale and of the within bankruptcy proceeding, including, but not limited to, publication costs advanced by Movant, shall be paid in advance of any distribution to said lien creditors[1].

**FURTHER ORDERED,** that applicable real estate taxes and ordinary closing costs, and municipal lien claims, including the realtor commission approved by the Court in the amount of $3,000.00 shall immediately be paid at closing. Failure of the closing agent to timely make

---

[1] Trustee fees and Trustee's counsel's fees shall be reserved but not paid until such fees are approved by the court for payment after motion duly filed seeking such approval.

3

disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

**FURTHER ORDERED** that the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the purchaser, and the attorney for the purchaser, if any, and file a certificate of service.

**FURTHER ORDERED** that closing shall occur within thirty (30) days of this Order and the Movant shall file a report of sale within seven (7) days following closing.  In the event of the failure of the purchaser to close within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, and resell the Premises, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this Motion and related Order.

**FURTHER ORDERED** that this Confirmation Order survives any dismissal or conversion of the within case.

> BY THE COURT:
>
> _____
> **JEFFERY A. DELLER**
> UNITED STATES BANKRUPTCY JUDGE